HUTCHINSON, Circuit Judge,
Concurring.
I concur with the result the Court reaches in these eases and with much of the reasoning in Judge Stapleton’s fine opinion. Specifically, I agree with the Court that United States v. Echeverri, 854 F.2d 638, 642-43 (3d Cir.1988), requires us to vacate Theodore Edmonds’ conviction of managing, supervising and organizing a continuing criminal enterprise (“CCE”) in violation of 21 U.S.C.A. § 848 (West 1981 & Supp.1994). See Opinion of the Court, Part II, at 1240-47; IOP 9.1. I write separately, however, to note that if this particular issue were a matter of first impression, I would be inclined to follow the reasoning of the Seventh Circuit in United Spates v. Canino, 949 F.2d 928, 947-48 (7th Cir.1991), cert. denied, 503 U.S. 996, 112 S.Ct. 1701, 118 L.Ed.2d 410, and cert. denied, 504 U.S. 910, 112 S.Ct. 1940, 118 L.Ed.2d 546, and cert. denied, 504 U.S. 915, 112 S.Ct. 1954, 118 L.Ed.2d 558 (1992).
Echeverri precludes me from following that course. Nevertheless, I believe Echev-erri can lead to results that are inconsistent with the purpose of the CCE statute and does so in this case where the jury convicted Edmonds of all the substantive counts involved in all of the predicate felonies. I recognize that the district court could have easily avoided the unanimity problem if it had not refused to give the jury instruction the defense requested on the need for unanimity in all respects material to a CCE case, including specifically those offenses that the jury believed were “related.” Nevertheless, the Court concedes: “As a matter of logic, ... the jurors must have unanimously agreed [in this case] that Edmonds committed every felony in the alleged ‘series,’ ” but then goes on to conclude this does not establish unanimity on relatedness. Opinion of the Court, Part II, at 1241. I agree with the Court this latter conclusion is a corollary of Echeverri. See id. at 1239-45.
I am dubitante on the Court’s conclusion that harmless error analysis is foreclosed by Sullivan v. Louisiana, — U.S. -, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993). See Opinion of the Court, Part II, at 1243-45. Regardless, I believe the tension, which the Court recognizes, between Echeverri and United States v. Jackson, 879 F.2d 85 (3d Cir.1989) warrants reconsideration of this unanimity requirement as it relates to a continuing criminal enterprise. Therefore, because Echeverri is a controlling precedent, I concur in the Court’s disposition of Edmonds’ appeal.
In all other respects, I am in full agreement with the reasoning in the Court’s opinion.